IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PIERRE EVANS SIMMONS, | | |
| | Plaintiff, | No. CIV S-05-1625 LKK KJM P |
| vs. | | |
| M. ROBERTS, | | ORDER AND |
| | Defendant. | FINDINGS AND RECOMMENDATIONS |
| _____/ | | |

      Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Defendant Roberts' October 6, 2006 motion for summary judgment and December 26, 2006 motion to strike are before the court.

I. Motion to Strike

      On December 21, 2006, and without leave of court, plaintiff filed a response to defendant's reply brief concerning defendant's motion for summary judgment. Defendant asks that the court strike the response. With respect to briefing a motion for summary judgment, Local Rule 78-230(m) allows the motion itself, an opposition, and then a reply. Neither the Federal Rules of Civil Procedure nor the local rules provide for a response to a reply. Accordingly, the court will grant defendant's motion to strike and will not consider plaintiff's December 21, 2006 response in ruling on defendant's motion for summary judgment.

Case 2:05-cv-01625-KJM   Document 46   Filed 08/02/07   Page 2 of 7

II. <u>Motion For Summary Judgment</u>

    A.  <u>Standard</u>

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" <u>Id.</u> Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. <u>See id.</u> at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id.</u> In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." <u>Id.</u> at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. <u>See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. <u>See</u> Fed. R. Civ. P. 56(e); <u>Matsushita</u>, 475 U.S. at 586 n.11. The opposing party

2

1  must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome
2  of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
3  (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.
4  1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could
5  return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,
6  1436 (9th Cir. 1987).

7        In the endeavor to establish the existence of a factual dispute, the opposing party
8  need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the
9  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
10 versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary
11 judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a
12 genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory
13 committee's note on 1963 amendments).

14       In resolving the summary judgment motion, the court examines the pleadings,
15 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
16 any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,
17 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the
18 court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.
19 Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to
20 produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen
21 Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.
22 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply
23 show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken
24 as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
25 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).
26 /////

On February 1, 2006, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

B. Plaintiff's Allegations

Plaintiff makes the following allegations in his complaint, which is signed under the penalty of perjury.

On December 23, 2004, defendant ordered other correctional officers to destroy plaintiff's "personal spiritual property" during a cell search. The search was precipitated by the fact that plaintiff had given a prison employee some gifts. Before the cell search, defendant told plaintiff of his intention to have "inmate justice" inflicted upon plaintiff. During the cell search, defendant spoke with plaintiff's cellmate but plaintiff did not hear what was said. Compl. at 4-5.

After the incident in plaintiff's cell, plaintiff was informed by his cellmate that other Native Americans held a meeting about what occurred in plaintiff's cell. Plaintiff's cellmate then told plaintiff it was no longer safe for him to live in "A yard." Id. at 5. Later, two other Native American inmates also told plaintiff it was no longer safe for him to be housed in "A yard." Id. Approximately three months later, plaintiff was transferred to "B yard" after being housed in protective custody. While there, plaintiff was attacked by two Native American inmates who had also previously been housed in "A yard." Id. at 6-7. Plaintiff was informed by another inmate that he was attacked because of the gifts that he gave to the CDCR employee and because he caused the cell he shared with another to be searched. Id. at 7.

Plaintiff asserts defendant violated plaintiff's right to be free of cruel and unusual punishment under the Eighth Amendment. Id. at 3.[1]

---

[1] Specifically, plaintiff asserts "defendant[] . . . acted with deliberate indifference under the 1st, 6th, 8th and 14th Amendments, under the Equal Protection Clause of the Constitution (RLUIPA) 42 U.S.C. 2000cc-(1)(g),1-2(a), 5(7) (A)." Plaintiff only states a claim upon which relief can be granted under the Eighth Amendment.

C. Arguments and Analysis

Plaintiff alleges that "Sergeant Roberts . . . participated in personal and vindictive behaivor [sic] as a harassment tactic to provoke the Native Americans to assault me." Compl. at 4. Defendant argues, among other things, that he is entitled to summary judgment with respect to any Eighth Amendment claims because plaintiff has not produced any evidence that defendant acted with the requisite mental state for an Eighth Amendment violation, and, alternatively, that there is no causal link between defendant's alleged actions and plaintiff's injury.

The cruel and unusual punishment prohibited by the Eighth Amendment refers primarily to the "unnecessary and wanton infliction of pain." Whitney v. Albers, 475 U.S. 312, 319 (1986). With regard to prison officials, the Eighth Amendment imposes, among other things, a duty to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). An inmate's Eighth Amendment rights are violated by a prison official if that official exposes an inmate to a "substantial risk of serious harm," while displaying "deliberate indifference" to that risk. Id. at 834. Deliberate indifference is closely akin to the subjective standard of criminal recklessness - the disregard of a risk of harm of which the actor is actually aware. Id. at 838-42. Thus, to overcome summary judgment of his Eighth Amendment claim, plaintiff must provide evidence that defendant knew plaintiff faced a substantial risk of serious harm, and that he failed to take reasonable measures to abate that risk. Id. at 847.

Examining the record, the court finds that a genuine issue of material fact exists as to whether defendant acted with deliberate indifference to a substantial risk of serious harm to plaintiff. Specifically, plaintiff has provided evidence, in the form of his sworn complaint, that defendant threatened that "inmate justice" would be inflicted upon plaintiff. This alleged statement suggests that defendant was actually aware that his actions would put the defendant at a substantial risk of later attack by other inmates. If this was in fact the case, defendant had a duty under the Farmer case to take reasonable measures to guarantee plaintiff's safety. Also,

plaintiff has presented further evidence, in the form of a written communication from another prisoner, that plaintiff's assault was directly attributable to defendant's actions in searching his cell. Compl. at 26.[2] While defendant disputes plaintiff's assertions, their different versions of what happened creates a factual dispute that requires resolution by a trier of fact. See T.W. Elec. Serv., 809 F.2d at 631.

In addition to challenging plaintiff's claims on the merits, defendant also asserts the affirmative defense that he is entitled to immunity for his actions in this case. Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). To survive a motion for summary judgment based on qualified immunity, the plaintiff must show that there are facts in the record sufficient to establish that defendant's conduct violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 201 (2001); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). If no constitutional violation occurred, defendants are immune from liability. Saucier, 533 U.S. at 201. If a constitutional violation occurred, the court must further inquire "whether the right was clearly established." Id. "If the law did not put the [defendants] on notice that [their] conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." Id. at 202.

With regard to plaintiff's Eighth Amendment claim, the court finds that defendant is not entitled to qualified immunity. As indicated above, plaintiff has provided evidence indicating that defendant violated his Eighth Amendment right to be free of cruel and unusual

---

[2] In his opposition to summary judgment, plaintiff requests that defendant turn over certain documents, a request that the court construes as one brought under Federal Rule of Civil Procedure 56(f). Rule 56(f) allows a court to deny a motion for summary judgment or issue a continuance to allow further discovery when the party opposing the motion "cannot for reasons stated present by affidavit facts essential to justify the party's opposition." In the instant case, the court finds that petitioner has presented facts sufficient to justify opposition to respondent's motion, mooting his Rule 56(f) motion.

1  punishment, as interpreted by the Supreme Court's decision in Farmer v. Brennan.  Moreover, it
2  has been clearly established since before the time period relevant here that defendant, in this
3  situation, would have an obligation to take reasonable measures to abate a substantial known risk
4  of serious injury to plaintiff.  See Farmer, 511 U.S. at 832 (1991 decision); Hudson, 468 U.S. at
5  526-27 (1984 decision).  A reasonable person in defendant's position would have known that the
6  alleged actions violated plaintiff's constitutional rights. Thus, the court recommends defendant
7  not be afforded qualified immunity in the face of plaintiff's complaint.

8  IV.  Conclusion

9         In light of the foregoing, the court will recommend that defendant's motion for
10 summary judgment be denied.

11         In accordance with the above, IT IS HEREBY ORDERED that defendant's
12 December 26, 2006 motion to strike be granted; and

13         IT IS HEREBY RECOMMENDED that defendant's October 6, 2006 motion for
14 summary judgment be denied.

15         These findings and recommendations are submitted to the United States District
16 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
17 days after being served with these findings and recommendations, any party may file written
18 objections with the court and serve a copy on all parties.  Such a document should be captioned
19 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
20 shall be served and filed within ten days after service of the objections.  The parties are advised
21 that failure to file objections within the specified time may waive the right to appeal the District
22 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23 DATED:  August 1, 2007.

24

25                                                                                                  U.S. MAGISTRATE JUDGE

26 1/acm/simm1625.57(a)